UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD PETERS GALLERY, INC., a New Mexico corporation, and GERALD PETERS,<br><br>Plaintiff,<br><br>v.<br><br>PETER STREMMEL, STREMMEL GALLERIES, LTD., a Nevada corporation, MIKE OVERBY, and COEUR D'ALENE ART AUCTION OF NEVADA, L.L.C., a Nevada corporation,<br><br>Defendants. | Case No. 3:17-cv-00273-MMD-VPC<br><br>ORDER |

There are two motions before the Court: Defendants' motion to dismiss ("Motion to Dismiss") (ECF No. 20) and Plaintiff's motion for leave to file first amended complaint ("Motion to Amend") (ECF No. 34). Because the Court grants the Motion to Amend, the Motion to Dismiss is denied as moot.

Once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that amendment is futile because the proposed amended complaint seeks to add a new legal theory based on the same facts and does not cure the deficiencies identified in the Motion to Dismiss. (ECF No. 36.) However, the Court has not ruled on Defendants' Motion to Dismiss.[1] Under the circumstances here and given the liberal amendment standard under Rule 15(a), the Court finds that amendment is not futile

It is therefore ordered that Plaintiff's motion for leave to amend (ECF No. 34) is granted. The Court grants Plaintiff leave to file a revised amended complaint to cure the deficiencies identified in the Motion to Dismiss should Plaintiff wish to do so within seven (7) days.

It is further ordered that Defendants' motion to dismiss (ECF No. 20) is denied as moot.

The Court vacates the hearing set for November 8, 2017 (ECF No. 35).

DATED THIS 30th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Nevertheless, Plaintiff should be given the opportunity to cure the deficiencies identified in the Motion to Dismiss to avoid having to defend a second motion to dismiss. Because the Court grants leave to amend, leave will not be given in the event Defendants filed a second motion to dismiss and the Court were to agree with Defendants.