# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GERALD PETERS GALLERY, INC., et al., | ) ) ) | 3:17-CV-0273-MMD (VPC) |
| Plaintiffs, | ) ) ) | **MINUTES OF THE COURT** |
| vs. | ) ) ) | February 27, 2018 |
| PETER STREMMEL, et al., | ) ) ) | |
| Defendants. | ) ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiffs' motion to quash or modify subpoenas to plaintiffs' testifying experts (ECF No. 50) is **DENIED**.

Pursuant LR 26-7(c), discovery motions will not be considered unless the movant has (1) made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

The court notes that plaintiffs' counsel sent an email to defense counsel at 2:07 pm on February 26, 2018 (ECF No. 50-2). One hour and forty-five minutes later on the same day, plaintiffs filed their motion and state that "[d]efense counsel did not respond [to the email] prior to filing the motion but plaintiffs' counsel anticipates that the parties will make a good faith attempt to resolve or narrow the issue requiring court resolution."

The court finds that plaintiffs did not communicate in good faith in order to discuss and resolve discovery issues. The object of meeting and conferring is not simply to demand that opposing counsel perform certain actions. LR IA 1-3 defines meet and confer as a "means to communicate directly and discuss in good faith the issues required under the particular rule or

order." This requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk