UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERALD PETERS GALLERY, INC., a New Mexico corporation, and GERALD PETERS,<br><br>Plaintiff,<br>v.<br>PETER STREMMEL, STREMMEL GALLERIES, LTD., a Nevada corporation, MIKE OVERBY, and COEUR D'ALENE ART AUCTION OF NEVADA, L.L.C., a Nevada corporation,<br><br>Defendants. | Case No. 3:17-cv-00273-MMD<br><br>ORDER |

The Court granted summary judgment in Defendants'[1] favor on the three state law tort claims alleged in the First Amended Complaint. (ECF No. 59 at 10-12.) Defendants moved for attorneys' fees and costs.[2] (ECF No. 64.) The Court will deny Defendants' motion for fees and costs ("Motion") because the Court disagrees with Defendants that the claims were brought or maintained in bad faith or without reasonable grounds.

Defendants seek an award of attorneys' fees and costs under the Court's inherent authority and under NRS § 18.010(2)(b). (ECF No. 64 at 7.) "When a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, sanctions under the court's inherent powers may take the form of attorney's fees." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal citation and quotation marks omitted). Section 18.010(2)(b) of the Nevada Revised Statutes gives the court discretion

---

[1] Defendants are Peter Stremmel; Stremmel Galleries, Ltd.; Mike Overby; and Coeur d'Alene Art Auction of Nevada, LLC.

[2] The Court has reviewed Plaintiffs Gerald Peters and Gerald Peters Gallery, Inc.'s response (ECF No. 66) as well as Defendants' reply (ECF No. 70).

1

to award attorney's fees to a prevailing party where the claim "was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b). The court must determine if evidence in the record exists to support "the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005) (quoting *Semenza v. Caughlin Crafted Homes,* 901 P.2d 684, 687 (Nev. 1995)).

The Court agrees with Plaintiffs that Defendants have not demonstrated that Plaintiffs initiated or pursued their claims in bad faith or without reasonable grounds. The Court granted summary judgment based primarily on the finding that it would not have been reasonable for the recipients of the first two statements to understand that Defendant Peter Stremmel intended to refer to Plaintiffs and to disparage Plaintiffs, and that the third statement cannot reasonably be understood to refer to Plaintiffs under the circumstances here. (ECF No. 59 at 8-9.) However, the Court's finding that the disputed statements are not defamatory as a matter of law is not the same as concluding that Plaintiffs' claims are frivolous or lack reasonable grounds, which the Court did not find. In fact, the statements at issue required careful analysis by the Court. Accordingly, the Court will deny Defendants' Motion.

It is therefore ordered that Defendants' motion for attorneys' fees and costs (ECF No. 64) is denied.

DATED THIS 21st day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE